IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.:  19-24104 |
| Charie M Frial | ) | |
| | ) | Chapter 13 |
| | ) | |
| | ) | Judge: Carol A. Doyle |
| Debtor(s) | ) | |

TO:  Trustee Tom Vaughn, 55 E. Monroe Street, #3850, Chicago, IL 60603;

See attached service list.

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he transmitted a copy of this notice and the attached Amended Chapter 13 Plan to the above-named creditor and also to the attached service list via regular U.S. Mail with postage prepaid from the mailbox located at 4131 Main St. Skokie, IL 60076, on October 3, 2019.


/s/ *David H. Cutler*
Attorney for the Debtor

Cutler & Associates, Ltd.
4131 Main St.
Skokie, IL 60076
Phone: (847) 673-8600

Accelerated Financial
Po Box 5714
Greenville, SC 29606


Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130


Credit One Bank
Attn: Bankruptcy Department
Po Box 98873
Las Vegas, NV 89193


Dept of Ed / Navient
Attn: Claims Dept
Po Box 9635
Wilkes Barr, PA 18773


Deville Mgmt
Attn: Bankruptcy
Po Box 1987
Colleyville, TX 76034


Diversified Consultants, Inc.
Attn: Bankruptcy
Po Box 551268
Jacksonville, FL 32255


First Premier Bank
Attn: Bankruptcy
Po Box 5524
Sioux Falls, SD 57117


I C System Inc
Attn: Bankruptcy
Po Box 64378
St Paul, MN 55164


Merchants Credit Guide Co.
223 West Jackson Boulevard
Suite 700
Chicago, IL 60606

Midland Funding
2365 Northside Dr Ste 300
San Diego, CA 92108


Midnight Velvet
Attn: Bankruptcy
1112 7th Avenue
Monroe, WI 53566


Navient Solutions, LLC
11100 Usa Pkwy
Fishers, IN 46037


Navient Solutions, LLC on behalf of
Department of Education Loan Servic
PO BOX 9635
Wilkes Barre, PA 18773-9635


Northwest Community Cu
P.O. Box 10607
Eugene, OR 97440


Security Credit Services
2653 W Oxford Loop
Oxford, MS 38655


Southern Auto Finance Company
Attn: Bankruptcy
5900 Lake Ellenor Ste 500
Orlando, FL 32809


Sunrise Credit Services, Inc.
Attn: Bankruptcy
260 Airport Plaza
Farmingdale, NY 11735


Total Visa
PO Box 5220
Sioux Falls, SD 57117


Wakefield & Associates
Attn: bankruptcy
7005 Middlebrook Pike
Knoxville, TN 37909

Fill in this information to identify your case:

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Charie M Frial** | | | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |
| United States Bankruptcy Court for the: | | **NORTHERN DISTRICT OF ILLINOIS** | | |
| Case number: | 19-24104 | | | |
| (If known) | | | | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**2.1, 2.5, 3.3, 4.2, 5.1, 5.2**

Official Form 113
# Chapter 13 Plan
12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

**$483.00** per **Month** for **52** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☑ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Charie M Frial** | Case number | **19-24104** |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☑ Debtor(s) will treat income refunds as follows:
**Debtor(s) shall submit a copy of their federal income tax return to the Trustee each year, beginning with the tax return for the tax year in which this case was filed, no later than April 20th.**

**2.4 Additional payments.**
*Check one.*
☑ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**25,116.00**.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Southern Auto Finance Company c/o Peritus Portfolio Services II, LLC** | **2013 Ford Escape 43,000 miles** | $15,286.59 | 7.00% | $347.40 Disbursed by: ☑ Trustee ☐ Debtor(s) | $17,717.25 |

*Insert additional claims as needed.*

**3.4 Lien avoidance**.

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.**

| Official Form 113 | **Chapter 13 Plan** | Page 2 |
|---|---|---|

| Debtor | **Charie M Frial** | Case number | **19-24104** |
|---|---|---|---|

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4: Treatment of Fees and Priority Claims

**4.1  General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **5.00**% of plan payments; and during the plan term, they are estimated to total $**1,255.80**.

**4.3  Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,000.00**.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____.
☑ __12.00__% of the total amount of these claims, an estimated payment of $__2,142.95__.
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $__0.00__. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
☑ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| **Navient Solutions, LLC on behalf of Department of Education Loan Services** | $0.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | $0.00 |

| Debtor | **Charie M Frial** | Case number | **19-24104** |
|---|---|---|---|

| **Name of Creditor** | **Current installment payment** | **Amount of arrearage to be paid** | **Estimated total payments by trustee** |
|---|---|---|---|
| **Navient Solutions, LLC** | $0.00 | $0.00 | $0.00 |
| | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | |

*Insert additional claims as needed.*

**5.3**   Other separately classified nonpriority unsecured claims. *Check one*.

☑   **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6:   Executory Contracts and Unexpired Leases

**6.1**   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one*.

☑   **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7:   Vesting of Property of the Estate

**7.1**   **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☐   plan confirmation.
☑   entry of discharge.
☐   other: _____

## Part 8:   Nonstandard Plan Provisions

**8.1**   **Check "None" or List Nonstandard Plan Provisions**
☑   **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9:   Signature(s):

**9.1**   **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X   **/s/ Charie M Frial**                                                       X   _____
     **Charie M Frial**                                                                Signature of Debtor 2
     Signature of Debtor 1

     Executed on   **October 3, 2019**                               Executed on   _____

X   **/s/ David H. Cutler**                                                 Date   **October 3, 2019**
     **David H. Cutler**
     Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Charie M Frial** | Case number | **19-24104** |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $0.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $17,717.25 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $5,255.80 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $2,142.95 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*                                    + | $0.00 |
| | **Total of lines a through j** | $25,116.00 |